# TOGUT, SEGAL & SEGAL LLP
ATTORNEYS AT LAW
ONE PENN PLAZA
NEW YORK, NEW YORK 10119

———

(212) 594-5000

NEIL BERGER
NEILBERGER@TEAMTOGUT.COM

November 14, 2023

**MEMORANDUM ENDORSED ORDER**

**VIA EMAIL AND ECF FILING**

Any response of Defendant shall be filed on or before November 20, 2023.

Honorable David S. Jones
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

It is so ordered.

Dated: 11/15/23         *s/ DSJ*, USBJ

Re: *In re Kossoff PLLC*, Case No. 21-10699 (DSJ)
*Togut v. Barasky*, Adv. Pro. No. 23-01080 (DSJ)

Dear Judge Jones:

We write to you on behalf of Albert Togut, not individually, but solely in his capacity as the Chapter 7 trustee (the "Trustee") of Kossoff PLLC (the "Debtor") in the above-referenced Chapter 7 case, and the plaintiff in the above-referenced adversary proceeding (the "Adversary Proceeding"), to respectfully request that the Court entered the proposed scheduling order annexed hereto as **Exhibit A** notwithstanding the fact that Bruce Barasky's (the "Defendant") *Motion to Withdraw the Reference and Dismiss Case* (the "Motion") [District Court Docket No. 1] remains pending in the United States District Court for the Southern District of New York (the "District Court").[1]

On April 3, 2023, the Trustee commenced the Adversary Proceeding against Defendant to avoid and recover a $210,000 transfer (the "Transfer") to Defendant as a preferential transfer pursuant to section 547(b) of the Bankruptcy Code, or, alternatively, as a fraudulent transfer pursuant to section 548 of the Bankruptcy Code.

On May 18, 2023, Defendant filed the Motion in the District Court, seeking to (1) withdraw the reference of the Adversary Proceeding to the District Court and (2) dismiss the Adversary Proceeding. On June 1, 2023, the Trustee filed the *Chapter 7 Trustee's Memorandum of Law and Objection to Defendant's Motion to Withdraw the Reference and Dismiss Case* (the "Objection") [District Court Docket No. 3]. As of the date of this letter, the District Court has not rendered a decision on the Motion.

During the July 12, 2023 pre-trial conference for the Adversary Proceeding, at which counsel for Defendant did not attend, counsel for the Trustee took the position that it would be appropriate to move forward with discovery in the Adversary Proceeding while the Motion remains pending. Since that time, the Trustee's counsel has, unsuccessfully, sought to negotiate a consensual scheduling order with Defendant's counsel.

During the August 23, 2023 pre-trial conference, which was attended by Defendant's counsel, the Court advised that any submission of a proposed scheduling order should "include a short letter, preferably not to exceed three pages, from the [T]rustee, explaining

---

[1] References to "District Court Docket No. __" will refer to the docket of *Togut v. Barasky*, Case No. 23-cv-04132 (JPC) (S.D.N.Y. 2023).

why, in the circumstances, they think commencement of discovery is appropriate." *See* Aug. 23, 2023, Hr'g Tr. at 13. As set forth herein, we respectfully submit that the Court entered the proposed scheduling order annexed hereto as **Exhibit A**.

> I. **Proceedings Before the Bankruptcy Court Should Not Be Stayed by the Motion**

Pursuant to Rule 5011(c) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), a motion to withdraw the reference "shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." Fed. R. Bankr. P. 5011(c); *see also In re Pali Holdings, Inc.*, 488 B.R. 841, 848 n.25 (Bankr. S.D.N.Y. 2013) ("[T]he party moving for withdrawal or abstention bears the burden of proof in establishing that a stay would be proper."); *In re Residential Cap., LLC*, 519 B.R. 890, 904 (Bankr. S.D.N.Y. 2014). Specifically, "[w]here a stay is sought in connection with a motion to withdraw the reference, the movant must demonstrate that there is a likelihood that its motion will be granted." *Id*.

Defendant has not, and cannot, demonstrate that there is any likelihood that the Motion will be granted. Indeed, Defendant's Motion fails to make a sufficient showing to justify withdrawal of the reference for either permissive (or discretionary) and mandatory withdrawal of the reference. *See generally* 28 U.S.C. §157(d). Accordingly, we respectfully submit that a stay of discovery would not be proper under the circumstances.

> A. <u>Defendant Failed to Establish a Basis for Mandatory Withdrawal</u>

As an initial matter, Defendant's Motion does not assert that the District Court is required to withdraw the reference pursuant to 28 U.S.C. §157(d) under a theory of mandatory withdrawal. Mandatory withdrawal of reference requires a timely motion. *See In re Johns-Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y. 1986) (citing 28 U.S.C.A. § 157(d)). Thus, Defendant's failure to assert the mandatory withdrawal argument means that it is not properly before the District Court. *See generally George Moundreas & Co SA v. Jinhai Intelligent Mfg. Co Ltd*, No. 20-CV-2626 (VEC), 2021 WL 168930, at *9 n.4 (S.D.N.Y. Jan. 18, 2021) (finding that the petitioner waived arguments that it did not raise in the pleadings). Thus, the District Court need not consider this theory. *Id.*

However, even if the issue of mandatory withdrawal had been properly sought by the Motion, the District Court would not be required to withdraw the reference under a theory of mandatory withdrawal, because the Adversary Proceeding does not require substantial and material consideration of non-bankruptcy federal law. *See Ionosphere Clubs*, 922 F.2d at 995; *In re Extended Stay, Inc.*, 466 B.R. 188, 203 (S.D.N.Y. 2011) (holding that claims based on the Bankruptcy Code were not subject to mandatory withdrawal given "the narrow scope this Circuit gives to mandatory withdrawal") (internal quotations and citations omitted).

As set forth above, the Complaint alleges, as its primary legal theory, that the Transfer is avoidable as a preferential transfer. *See* Compl. at ¶¶ 1, 2, 35-47. Courts in this jurisdiction and others routinely deny motions to withdraw the reference where the adversary proceeding asserts such claims. *See e.g.*, *Pryor v. Tromba*, No. 13-CV-676 JFB, 2014 WL 1355623 (E.D.N.Y. Apr. 7, 2014); *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 490 B.R. 46, 58 (S.D.N.Y. 2013); *In re Arbco Cap. Mgmt., LLP*, 479 B.R. 254 (S.D.N.Y. 2012).

Thus, even if the Motion had presented such an issue for consideration, there would be no basis for mandatory withdrawal of the Adversary Proceeding.

B. <u>Defendant Failed to Establish a Basis for Permissive Withdrawal</u>

Under the theory of permissive withdrawal, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*." 28 U.S.C. § 157(d) (emphasis added). The party seeking withdrawal of the reference bears the burden of establishing "cause." *See Thaler v. Parker*, 525 B.R. 582, 585 (E.D.N.Y. 2014).

In making this determination, courts in this jurisdiction generally weigh the considerations set forth in *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095 (2d Cir. 1993) (the "*Orion* Factors"): (i) whether the action is core or non-core; (ii) judicial efficiency and economy; (iii) uniformity in bankruptcy administration; (iv) economical use of the debtors' and creditors' resources; (v) reduction of forum shopping; (vi) expediting the bankruptcy process; and (vii) the presence of a jury demand. *See id.* at 1011.

The Motion is woefully deficient in the argument offered in connection with these criteria. Indeed, Defendant makes only passing mention of a single *Orion* Factor without any coherent argument in that regard, *see* Mot. at 3, thereby failing to satisfy Defendant's burden to demonstrate that cause exists to withdraw the reference. Rather, as described comprehensively in the Objection, *see* Obj. at pp. 10-15, none of the *Orion* Factors weigh in favor of withdrawing the reference. Thus, there is no basis for permissive withdrawal of this Adversary Proceeding.

II. **Defendant Cannot Establish Cause to Stay the Adversary Proceeding and Defendant's Delay Has Prejudiced the Trustee**

Whether Defendant "submits" to Bankruptcy Court jurisdiction is irrelevant to whether discovery and the Adversary Proceeding should proceed in this Court. Bankruptcy Rule 5011(c) makes clear that the Bankruptcy Court will retain jurisdiction of the Adversary Proceeding and that the Motion does not stay the Adversary Proceeding in this Court unless Defendant establishes cause for such relief, which Defendant has not, and cannot, establish. Rather, the Motion and Defendant's refusal to proceed with discovery are simply delay tactics that are causing the Trustee to expend additional and unnecessary estate resources.

Based upon the foregoing, the Trustee respectfully requests that the Court enter the proposed scheduling order annexed hereto as **Exhibit A**.

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:
/s/ *Neil Berger*

cc: Minta J. Nester, Esq. (via electronic mail)
Ronald D. Howard, Esq. (via electronic mail)

**EXHIBIT A**

**Proposed Scheduling Order**

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Albert Togut
Neil Berger
Minta J. Nester

*Attorneys for the Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| KOSSOFF PLLC, | : | Case No. 21-10699 (DSJ) |
| Debtor. | : | |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| ALBERT TOGUT, Not Individually but Solely in His Capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, | : | |
| Plaintiff, | : | Adv. Pro. No. 23-01080 (DSJ) |
| v. | : | |
| BRUCE BARASKY, | : | |
| Defendant. | : | |

------------------------------------------------------------------ x

## SCHEDULING ORDER

**The parties cannot amend this order absent an order of the Court. FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1. **Discovery.** All discovery shall be completed by **May 28, 2024**. In the event of a dispute over discovery, the parties shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference. At the conference, the Court will ask the parties

1

about their prior efforts to resolve the dispute.

   a. Initial Disclosures.  The parties shall exchange initial disclosure pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "Civil Rules"), made applicable by Rule 7026 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by no later than **December 6, 2023.**

   b. Fact Discovery.  All fact discovery completed by **March 28, 2024.**

      i. Each party must serve written discovery requests no later than **December 13, 2023**.

      ii. Parties' document production shall be completed no later than **January 31, 2024**.

   c. Expert Discovery.  All expert discovery shall be completed by **May 28, 2024**.

      i. No later than thirty days prior to the completion of fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, stipulations, production of underlying documents, rebuttal reports, if any, and depositions.

      ii. The parties shall complete and exchange expert reports on each issue where they have the affirmative burden of proof within fourteen days after the close of fact discovery.

   d. The parties are to conduct discovery in accordance with the Civil Rules, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

2. **Summary Judgment.**  Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment under Fed. R. Bankr. P. 7056 after completion of discovery and before taking the steps set forth in paragraphs 3-6 below.  If such request is granted, the parties shall schedule the adjourned pre-trial conference to take place approximately one month after the scheduled hearing on summary judgment.

3. **Pre-trial Conference.**  The Court will hold a pre-trial conference on _____ ____, 2024 at 10:00 A.M. (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment, which motion shall be heard at that date and time).  **At that conference, the Court will set deadlines for the completion of the pre-trial preparation described below and will schedule a final pre-trial conference and trial date.**

4. **Exhibits.**  In advance of the final pre-trial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any

2

exhibits whose admissibility is not agreed.

      5.  **Proposed Witness List.**  In addition, on or before two weeks before the final pre-trial conference, the parties shall have exchanged proposed witness lists.

      6.  **Pre-trial Submissions.**  On or before one week before the scheduled trial date, the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect or have sought the Court's permission to examine direct witnesses at trial and (b) submit to chambers the joint exhibit book referred to in paragraph 4 hereof.

Dated: New York, New York
_____, 2023

_____
UNITED STATES BANKRUPTCY JUDGE
HONORABLE DAVID S. JONES