UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------------x  
In re:                                                        :  
                                                              :     Chapter 7
**KOSSOFF PLLC,**                                             :
                                                              :     Case No. 21-10699 (DSJ)
                                                              :
                      Debtor.                                 :
---------------------------------------------------------------x
**ALBERT TOGUT**, Not Individually but Solely in              :
His Capacity as Chapter 7 Trustee of the Estate of            :
Kossoff PLLC,                                                 :
                                                              :     Adv. Pro. No. 23-01080 (DSJ)
                      Plaintiff,                              :
                                                              :
              v.                                              :
                                                              :
**BRUCE BARASKY,**                                            :
                                                              :
                      Defendant.                              :
---------------------------------------------------------------x

**NOT FOR PUBLICATION**

## MODIFIED BENCH RULING[1] DENYING DEFENDANT'S MOTION TO STAY DISCOVERY PENDING DISPOSITION OF MOTION TO DISMISS AND MOTION TO WITHDRAW

**APPEARANCES:**

TOGUT, SEGAL & SEGAL  
*Counsel for the Trustee Albert Togut, not individually but in his capacity as Chapter 7 Trustee*  
One Penn Plaza, Suite 3335  
New York, New York 10119  
By:   Neil Berger, Esq.  
      Jared Boriello, Esq.

DAHIYA LAW OFFICES, LCC  
*Counsel for Bruce Barasky*  
75 Maiden Lane, Suite 606  
New York, New York 10038  
By:   Karamvir Dahiya

---

[1] On February 7, 2024, the Court read into the record its bench ruling denying defendant Bruce Barasky's motion to stay discovery in this adversary proceeding, and soon thereafter entered a short order effectuating that oral ruling. [ECF 31]. This Modified Bench Ruling memorializes and, in limited respects, expands upon the reasoning the Court stated in its February 7, 2024 oral Bench Ruling. This Modified Bench Ruling cites additional authority that was not cited in the Court's oral ruling, but that does not alter the Court's analysis or conclusions.

1

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is Defendant Bruce Barasky's ("Defendant" or "Mr. Barasky") "Motion to Stay Discovery Pending Disposition of Motion to Dismiss and Motion to Withdraw" [ECF No. 26 ("Stay Motion")]. Mr. Barasky's Motion to Withdraw the Reference and Dismiss ("Motion to Withdraw and Dismiss," and, as applicable, "Motion to Withdraw," or "Motion to Dismiss") was filed in the United States District Court for the Southern District of New York ("District Court") on May 18, 2023. [Case No. 1:23-cv-04132, Dkt. No. 1]. The Motion to Withdraw and Dismiss remains pending in the District Court and has not been resolved. Plaintiff Albert Togut ("Trustee"), not individually but solely in his capacity as Chapter 7 Trustee of the Estate of Kossoff PLLC, informally requested a conference with this Court at which the Trustee sought a scheduling order authorizing and governing discovery in this case. Mr. Barasky opposed, and subsequently filed the Stay Motion to seek to preclude discovery pending resolution of his Motion to Withdraw and Dismiss. For the reasons stated below, Mr. Barasky's Stay Motion is denied, and the parties are directed to confer and to propose a discovery schedule or other appropriate next steps, which may include a period for informal exchanges of information and ensuing negotiations seeking to cost-effectively resolve their dispute.

**BACKGROUND**

A. <u>**Overview of the Main Bankruptcy Case**</u>

This Modified Bench Ruling discusses only the case background that is relevant to the motion it resolves, while assuming familiarity with the broader background of the main Kossoff PLLC bankruptcy case, No. 21-10699-DSJ. Mitchell Kossoff ("Mr. Kossoff") was the principal of Debtor Kossoff PLLC, a real estate law firm that has since ceased all operations. Creditors of Kossoff PLLC filed an involuntary Chapter 7 petition against Kossoff PLLC on April 13, 2021,

after discovering that Mr. Kossoff had apparently misappropriated client funds held in the firm's trust account.

Mr. Kossoff was the subject of a criminal investigation in connection with the reportedly missing funds, and on December 13, 2021, he pleaded guilty to criminal charges alleging that he had misappropriated at least $14.5 million in client funds. Early in the main bankruptcy case, the Court appointed Albert Togut as Chapter 7 Trustee. [Main Case, ECF No. 15]. The Trustee has brought numerous adversary proceedings seeking to recover allegedly preferential payments and/or fraudulent transfers of Kossoff PLLC funds.

B. **This Adversary Proceeding**

In this case, the Trustee alleges that defendant Bruce Barasky, who owned a building at 135 Reade Street in Manhattan that was purchased by a client of the Kossoff PLLC firm, secured a preferential payment and/or fraudulent transfer because funds were transferred from the Kossoff firm's Interest on Lawyer Account ("IOLA Account") to Mr. Barasky or an entity he controlled in partial consideration for the purchase by a client of the Kossoff firm of Mr. Barasky's building. [Compl. ¶ 31; Trustee's Objection to Stay Motion, ECF No. 28, ("Trustee's Objection") ¶ 24].

Mr. Barasky filed a Motion to Withdraw and Dismiss in the United States District Court for the Southern District of New York ("District Court") on May 18, 2023. [Case No. 1:23-cv-04132, Dkt. No. 1]. In essence, the Motion to Withdraw and Dismiss contends that the funds transferred to Mr. Barasky were escrowed funds that are not property of Kossoff PLLC or its estate, such that they cannot, as a matter of law, be recoverable through a preference or fraudulent transfer action on behalf of the estate. [Stay Motion at 3–4]. The Trustee's position in response asserts that because Mr. Kossoff and Kossoff PLLC commingled funds in the firm's

3

IOLA account and used them for multiple purposes, funds in and transferred out of the IOLA account constitute estate property and as such are recoverable in the Trustee's fraudulent conveyance actions. [Trustee's Objection ¶ 49]. Mr. Barasky's Motion to Dismiss raises additional arguments that are not detailed here, but the Trustee supplies responses and the Court views most of the remaining issues as implicating factual disputes or evidentiary questions not suitable for resolution through motions on the pleadings.

Mr. Barasky's Motion to Withdraw the Reference and Dismiss has been pending in the District Court since May 2023. The Trustee seeks to commence discovery in this adversary proceeding. Mr. Barasky's Stay Motion seeks to stay discovery pending the disposition of his Motion to Withdraw and Dismiss. Mr. Barasky emphasizes that, in his view, the Trustee's adversary proceeding against him is a dispute that lies outside this Court's jurisdictional power to enter a final judgment. In response, the Trustee asserts that this dispute is statutorily a "core" proceeding and is within the jurisdiction of this Court, and further that Mr. Barasky's Stay Motion fails to support his request for a stay under the applicable legal standards even if the matter ultimately requires entry of a final judgment by the District Court.

Having carefully considered the parties' papers and arguments, the Court denies Mr. Barasky's Stay Motion and directs that appropriate, Court-supervised discovery may commence.

## DISCUSSION

First, as acknowledged by Mr. Barasky's counsel during oral argument, the Trustee's Objection correctly identifies the two broad frameworks through which the Court must view Mr. Barasky's request for a stay. The first is whether discovery should be permitted notwithstanding the pendency of a motion to dismiss, which ordinarily would be pending in the same court that is considering whether to permit discovery, but which here is pending in District Court. The

second broad question is whether the pendency of Mr. Barasky's Motion to Withdraw and Dismiss and/or his assertion that the Court lacks subject-matter jurisdiction to enter a final judgment calls for staying discovery.

I. **The Pendency of Mr. Barasky's Motion to Dismiss in the District Court Does Not Justify a Stay of Discovery in this Adversary Proceeding**

Beginning with the first question, whether discovery should be stayed pending resolution of Mr. Barasky's motion to dismiss, the Court concludes in its discretion [2] that the answer is no. In deciding whether to stay discovery pending resolution of a motion to dismiss, courts consider the factors cited in cases including *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) and *Bensmaine v. City of New York*, No. 21-CV-04816, 2022 U.S. Dist. LEXIS 145704, 2022 WL 3362188, at *1 (S.D.N.Y. Aug. 15, 2022). In the present circumstances, those factors on balance do not warrant a stay.

In opposition to the Stay Motion, the Trustee invoked Bankruptcy Rule 7016, which incorporates Fed. R. Civ. P. 16(b)(4) as applicable to cases under the Bankruptcy Code. Fed. R. Bankr. P. 7016. Fed. R. Civ. P. 16(b)(4) permits modification of a scheduling order only "for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). However, here, no scheduling order has been entered, and thus Fed. R. Civ. P. 16(b)(4) is not applicable. Courts evaluating whether to stay discovery on account of a motion to dismiss often do so in the context of Fed. R. Civ. P. 26, made applicable to cases under the Bankruptcy Code by Bankruptcy Rule 7026. Fed. R. Bankr. P. 7026. Under Rule 26, and "upon a showing of good cause[,] a district

---

[2] *See K.A. v. City of New York*, No. 16-CV-4936, 2022 U.S. Dist. LEXIS 158519, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)) (stating that a "motion to dismiss does not automatically stay discovery," but that, "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to [Rule] 26(c).").

5

court has considerable discretion to stay discovery." *See Hong Leong Fin. Ltd.*, 297 F.R.D. at 72 (citations omitted).

Whether under Rule 16, Rule 26, or otherwise, courts determining whether to stay discovery on account of a motion to dismiss consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *See e.g.*, *Hong Leong Fin. Ltd.*, 297 F.R.D. at 72 (citations omitted); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020).

The first factor, the breadth of discovery sought, favors allowing discovery to proceed because the discovery required here will be relatively discrete, focusing on the sole transaction involving Mr. Barasky and the Kossoff firm. This Court will supervise discovery and will be available to impose appropriate constraints if Mr. Barasky believes the Trustee is seeking discovery that is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

The second factor, resulting prejudice, favors the Trustee and allowing discovery because the Trustee and the Kossoff PLLC estate as a whole, including its many crime-victim stakeholders, are prejudiced by delay and added cost that comes with it, and, further by a delay in final distributions of as much as can be mustered to these claimants. The Trustee filed this action in May of last year and is attempting to pursue this and numerous other actions in a coordinated, cost-effective, efficient way so as to control expenses and facilitate the promptest possible distributions to the Kossoff firm's creditors, many of whom are victims of Mr. Kossoff's crimes. A continuing, open-ended stay risks significantly delaying and frustrating this process. Meanwhile, although Mr. Barasky understandably would prefer not to be enmeshed in this situation, he legitimately finds himself a defendant in litigation that will proceed either in this

6

Court or in the District Court, and the demands that discovery will place upon him will be relatively modest compared to the harms of postponing discovery.

This is particularly so given the Court's assessment of the third factor, the strength of the motion to dismiss. The Trustee has, at a minimum, fairly strong arguments that it has adequately pled entitlement to relief, or a claim that will survive the motion to dismiss. *Bensmaine* and other case law does not make this factor dispositive[3] to the stay analysis, and here the other factors point strongly in favor of allowing discovery, which already has been substantially delayed notwithstanding the urgency of the Trustee's efforts to compensate Kossoff's victims. The Trustee accurately cites case law holding that a commingling of assets in a firm IOLA account renders those funds potentially subject to recovery through preference or fraudulent transfer actions. *See Gowan v. Patriot Group, LLC (In re Dreier LLP)*, 452 B.R. 391, 419 (Bankr. S.D.N.Y. 2011).

While the Court is not firmly opining on the proper outcome of the Motion to Dismiss, the Court notes that for purposes of its stay analysis, it is satisfied that the third factor, at a minimum, does not favor Mr. Barasky enough to outweigh how strongly the first two factors favor allowing discovery to proceed. The Court concludes there is a substantial possibility that Mr. Barasky's Motion to Dismiss ultimately will be denied based on the holding and analysis of *Dreier*. Mr. Barasky's Motion to Dismiss therefore is not strong enough to justify a stay.

    **II.**    **The Pendency of Mr. Barasky's Motion to Withdraw in the District Court Does Not Justify a Stay of Discovery in this Adversary Proceeding**

---

[3] *Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438-AT-BCM, 2020 U.S. Dist. LEXIS 193003, 2020 WL 6135113, at *3 (S.D.N.Y. Oct. 8, 2020) (quoting *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007)) ("The caselaw makes it clear that no one factor is dispositive of a discovery stay motion. Even if a motion to dismiss 'appears to have substantial grounds,' a stay of discovery pending the outcome of that motion is appropriately denied where, as here, the other factors "disfavor a stay.").

Turning to the second broad question presented, whether to impose a stay given the pendency of the Motion to Withdraw, again the Court concludes the answer is no in the present circumstances. Bankruptcy Rule 5011(c) explicitly provides that a stay is not automatically imposed as a result of the filing of a motion to withdraw the reference, but, instead, bankruptcy courts have discretion to determine whether to award a stay upon application by the movant. *See* Bankruptcy Rule 5011(c). Further, Bankruptcy Rule 5011(c) specifies that the application for a stay "ordinarily shall be presented first to the bankruptcy judge." Bankruptcy Rule 5011(c). A clear implication of this requirement is that even when the bankruptcy court lacks authority to enter a final judgment in a case in which a party seeks to withdraw the reference, the bankruptcy court is not divested of case management authority, as is routinely exercised by Article I magistrate judges in district court, as well as by bankruptcy judges even in cases where the bankruptcy court cannot enter a final judgment, but must enter only proposed findings of fact and conclusions of law which will require district court action and entry of a final judgment.

The applicable standards governing stay applications under Rule 5011(c) are set forth in *In re Residential Capital LLC*, which states: "To prevail on a stay motion, the movant must demonstrate '(a) the likelihood of prevailing on the merits[;] (b) that the [movant] will suffer irreparable harm if the stay is denied; (c) that the Debtors will not be substantially harmed by the stay; and (d) that the public interest will be served by granting the stay.'" 519 B.R. 890, 904 (Bankr. S.D.N.Y. 2014) (citing *In re Dana Corp.*, No. 06-10354 (BRL), 2007 Bankr. LEXIS 3328, 2007 WL 2908221, at *1 (Bankr. S.D.N.Y. Oct. 3, 2007)). Further, the party seeking to withdraw the reference bears the burden of establishing that a stay is appropriate. *See In re Residential Cap., LLC*, 519 B.R. at 904 (citing *In re Chrysler LLC*, No. 09-50002 (AJG), 2009 Bankr. LEXIS 1334, 2009 WL 7386569, at *1 (Bankr. S.D.N.Y. May 20, 2009)). That party here

is Mr. Barasky. The Court agrees with the analysis of all applicable factors set forth in the Trustee's opposition memorandum, which Mr. Barasky did not address in his initial papers and to which he did not submit a reply.

As to the first factor, the Court views the Motion to Withdraw as not having a strong likelihood of success. Mandatory withdrawal has been narrowly construed and is available where the proceeding would require the bankruptcy court to engage itself in the intricacies of non-bankruptcy law. *See e.g., Walker, Truesdell, Roth & Assocs. v. Blackstone Group, L.P. (In re Extended Stay, Inc.)*, 466 BR 188, 196 (S.D.N.Y. 2011). That is not the case here. This adversary proceeding presents claims and issues that bankruptcy courts routinely consider, namely preference and fraudulent conveyance claims, which are among the types of actions statutorily defined as "core proceedings." 28 U.S.C. § 157(b)(2)(F), (H). Defendant Barasky does not appear to have contended that mandatory withdrawal is required, so the Court need not dwell on that question further.

That leaves permissive withdrawal under Section 157(d), which allows a district court to withdraw in whole or in part any case or proceeding referred under this section for cause shown. *See* 28 U.S.C. § 157(d). The party seeking withdrawal bears the burden of establishing "cause." *See Guevoura Fund Ltd. v. Sillerman*, No. 18-CV-9784, 2018 U.S. Dist. LEXIS 205599, 2018 WL 6713124, at *11 (S.D.N.Y. Dec. 3, 2018) (citing *In re Madison Bentley Assocs., LLC*, No. 16 Civ. 1083 (GBD), 2016 U.S. Dist. LEXIS 136324, 2016 WL 5793990, at *2 (S.D.N.Y. Sept. 27, 2016)).

Relevant cases note that permissive withdrawal under section 157 is to be employed "judiciously" and "narrowly" so as "to prevent an escape hatch out of bankruptcy court." *See, e.g., Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 BR 59, 61 (S.D.N.Y.

9

1992); *see also In re Fairfield Sentry Ltd.*, No. 10-cv-7340 (LAP), 2010 U.S. Dist. LEXIS 131767, 2010 WL 4910119, at *4 (S.D.N.Y. Nov 22, 2010). Courts considering permissive withdrawal motions typically consider factors identified in *Orion Pictures Corp. v. Showtime Networks Inc.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

Before canvassing the *Orion* factors, the Court notes that Mr. Barasky emphasizes some of the seminal cases governing bankruptcy court jurisdiction and authority to issue final judgments, including *Stern v. Marshall*, 564 U.S. 462 (2011), and contends that the action here involves purely private rights as to which this Court lacks authority to enter a final judgment. As already noted, however, preference actions and fraudulent conveyance actions are among the types of proceedings that are statutorily defined as core matters. *See* 28 U.S.C. §§ 157(b)(2)(F) (proceedings to avoid or recover preferences); (H) (fraudulent conveyance actions). *Stern* itself and ensuing case law make clear that the mere inability of the bankruptcy court to enter final judgment does not render what is otherwise a core dispute non-core, or entirely beyond the judicial authority of the bankruptcy court; rather, typically, the solution for this Court's limited jurisdiction is to proceed through the issuance of proposed findings of fact and conclusions of law for review by the district court followed by appropriate entry of final judgment by that court. *See e.g., Stern v. Marshall*, 564 U.S. 462, 471 (2011).

Moreover, Mr. Barasky has not shown that consideration of the *Orion* factors supports permissive withdrawal of the reference or grant of a stay pending resolution of Mr. Barasky's Motion to Withdraw. The first *Orion* factor is whether the proceeding is a core proceeding. It is, as noted above, under 28 U.S.C. sections 157(b)(2)(F) and (H), which explicitly list preference actions and fraudulent conveyance actions as core proceedings. *See* 28 U.S.C. §§ 157(b)(2)(F);

(H). As noted, this reality is not overcome by any constitutional limitation in this Court's authority to enter a final judgment under *Stern*.

Mr. Barasky has not meaningfully addressed the remaining *Orion* factors, which overwhelmingly support the Trustee and denying the stay.

The second *Orion* factor is judicial efficiency and economy, which strongly favors allowing discovery to commence. The Trustee has brought approximately fifty fraudulent conveyance and preference actions arising from various types of transactions involving the Kossoff, PLLC estate. This Court is intimately familiar with the factual background, procedural history, and need for coordinated administration presented by this dispute. The Complaint includes both individualized factual allegations that are particular to this case and asserted facts and legal principles that are common to this and a number of other cases. Given the commonalities between this case and other cases brought by the Trustee, the Court concludes that the interests of judicial efficiency and economy will be well served by having this Court supervise the pre-final judgment aspects of this case.

The third *Orion* factor is uniformity in bankruptcy administration. This favors the Trustee's position and allowing discovery to commence. Again, this Court has pending before it numerous similar cases, and certainly the Trustee's interest in efficient adjudication of a large portfolio of cases seeking relief on behalf of the estate and its stakeholders can best be served by coordinated case administration under the auspices of this Court. Moreover, this approach will not prejudice Mr. Barasky's entitlement to pursue his Motion to Withdraw and to demand a final judgment by an Article III court.

The fourth *Orion* factor considers economical use of the debtor's and creditors' resources. Seemingly in connection with this factor although not perfectly aligned with it, Mr.

11

Barasky asserts that granting a stay would reduce expenditure of resources because commencing discovery will involve time, burden, and effort, whereas maintaining a stay does not require any action by the parties. Mr. Barasky also raises the risk of duplicative effort if some proceedings take place in this Court followed by further proceedings in the District Court. The Trustee responds that withdrawing the adversary proceeding to the District Court would require unnecessary additional expense to the Debtor's estate at the expense of creditors and would needlessly delay the resolution of the Trustee's adversary proceeding. This factor favors the Trustee because the estate's resources will be preserved by allowing discovery to proceed promptly and in a coordinated fashion so that the Trustee can combine its efforts in this case with its efforts in the numerous other adversary proceedings related to the main Kossoff PLLC case. While Mr. Barasky would welcome a delay in his expenditure of resources, the fourth *Orion* factor focuses on the expenditure of debtor and creditor resources, and Mr. Barasky is not a creditor in the main Kossoff PLLC case. Again, the Trustee has embarked on a large-scale effort involving multiple actions, and the Trustee needs to resolve these proceedings sooner rather than later to serve the pressing needs of all estate constituencies. Expenses inevitably mount over time in any protracted bankruptcy proceeding, so promoting a faster resolution will tend to preserve Debtor and creditor resources by allowing the Trustee to proceed efficiently. Thus, *Orion* factor four does not favor permissive withdrawal.

    The fifth *Orion* factor considers reduction of forum shopping. Unless necessary, this Court is disinclined to make rulings that turn on the Court's assessment of parties' subjective motivations. Mr. Barasky has engaged in litigation conduct that is consistent with an attempt to forum shop and secure either delay for its own sake, or what he may view as a more favorable and constitutionally permissible forum, that being the District Court. Thus, the fifth factor points

at least to some extent against permissive withdrawal. Further, Mr. Barasky's position is surely a form of forum shopping as to case management and discovery supervision, because he disregards consistent caselaw and the framework of Bankruptcy Rule 5011(c), all of which makes clear that, ordinarily, a withdrawal of reference motion does not result in a stay of discovery and the bankruptcy court is forum to seek a stay, in the absence of which the bankruptcy court necessarily would supervise discovery. Indeed, an opposite conclusion would harm the administration of justice by creating a regime in which defendants can derail or delay discovery simply by filing a motion to withdraw the reference. For these reasons, the fifth *Orion* factor favors the Trustee.

The sixth *Orion* factor considers expediting the bankruptcy process. For reasons already stated, this factor strongly supports the Trustee's position and weighs against granting a stay. This factor is particularly important in the circumstances of this case, in which a sympathetic creditor group, largely consisting of Mr. Kossoff's crime victims, is waiting for the Trustee to complete a necessarily burdensome, expensive, and time-consuming process in order to fund creditor recoveries. This effort is an important component of securing justice for victims of crime and not one that should be delayed further.

Finally, and seventh, *Orion* calls for considering the possible presence of a jury demand. The Trustee observes that there has been no jury demand in this case; Mr. Barasky does not address this factor. If there had been a jury demand, this factor might favor having the Article III court manage discovery and all other phases of the case. Here, in the absence of such a demand,

13

this factor has not been shown to weigh in favor of the stay, and this is a question on which the movant bears the burden.[4]

Based on this application of the *Orion* factors, the Court concludes that the existence and possible outcome of the Motion to Withdraw and Dismiss do not weigh in favor of granting a stay, even considering the constitutional arguments advanced by Mr. Barasky.

Mr. Barasky did not meaningfully, if at all, address the remaining three *Residential Capital* stay factors, which, again, are whether the movant will suffer irreparable harm if the stay is denied; whether the debtor will be substantially harmed by the stay; and whether the public interest will be served by granting the stay. The Court therefore addresses these factors only briefly to say that Mr. Barasky will not suffer irreparable harm in the absence of a stay, because the resulting discovery will be targeted and supervised by the Court. Further, although neither the parties nor the Court located relevant case law in the Bankruptcy Rule 5011 context, case law in analogous postures holds that merely incurring litigation expenses does not constitute irreparable harm. *See, e.g.*, *CIT Grp. Inc. v. Tyco Int'l Ltd. (In re CIT Grp. Inc.)*, No. 09-16565 ALG, 2012 Bankr. LEXIS 988, 2012 WL 831095, at *5 (Bankr. S.D.N.Y. Mar. 9, 2012) (holding that "the incurrence of litigation costs does not ordinarily constitute irreparable harm."). Meanwhile, as discussed above, Debtors (here, the estate) will suffer substantial harm if a stay is granted due to the delay in completion of estate administration, the inevitable accrual of additional expense, and the resulting delay in compensation to the crime victims who are the primary creditors of the estate. Finally, for similar reasons, the public interest weighs against granting the stay, because the impact of discovery on Mr. Barasky is slight, the benefit to the estate is high, the broader

---

[4] *See In re Residential Cap., LLC*, 519 B.R. at 904 (citing *In re Chrysler LLC*, No. 09-50002 (AJG), 2009 Bankr. LEXIS 1334, 2009 WL 7386569, at *1 (Bankr. S.D.N.Y. May 20, 2009) ("The party moving for withdrawal or abstention bears the burden of proof in establishing that a stay would be proper.").

public has an interest in the prompt administration of justice that will be frustrated if a stay is granted, and Mr. Kossoff's victims deserve the promptest possible finalization of his firm's estate, and of their respective entitlements. *Cf.* Fed. R. Bankr. P. 1001 ("[t]hese rules shall be construed, administered, and employed …to secure the just, speedy, and inexpensive determination of every case and proceeding.").

## CONCLUSION

For the reasons stated above, the Court denies the Stay Motion and authorizes the commencement of discovery in this adversary proceeding. This Modified Bench Ruling does not alter the substance or effect of the order previously entered by the Court to effectuate its February 7 oral ruling [ECF No. 31], and all deadlines for any further application in connection with the Stay Motion run from the date of entry of that order. *See, e.g.*, Bankruptcy Rule 8002.

Dated: New York, New York
      February 16, 2024

                                      *s/ David S. Jones*
                                      Honorable David S. Jones
                                      United States Bankruptcy Judge